IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA POWER COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. The purpose of this action is to provide appropriate relief to Mickey Simmons ("Simmons"), Jennifer Harper ("Harper"), Dale Allen ("Allen"), and Mark Butler ("Butler") and a class of employees and applicants ("Class Members") who applied or worked for Georgia Power Company ("Georgia Power") throughout the State of Georgia and who were adversely affected by such practices. The Plaintiff alleges that Georgia Power engaged in intentional discrimination against applicants and employees with

1

disabilities by refusing to hire them or terminating their employment based on their disabilities, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Simmons, Harper, Allen, and Butler filed charges of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant has engaged in unlawful employment practices in Atlanta, Georgia and at various locations throughout the State of Georgia by unlawfully subjecting Simmons, Harper, Allen, and Butler, as well as other individuals with disabilities, to intentional discrimination based on their disabilities.

8. Simmons suffers from renal failure that requires dialysis. He is a qualified individual with a disability who could perform the essential functions of

his job with or without a reasonable accommodation. He took a long-term disability leave from his Field Service Representative/Meter Reader job with Georgia Power as a result of his condition. After his condition improved, his physician cleared him to work without any restrictions. Although he was qualified to perform the essential functions of his job, Georgia Power refused to allow him to return to work based on his renal failure and associated treatment and instead terminated his employment.

9. Harper suffered a traumatic brain injury and takes a prescribed drug to treat the injury. She is a qualified individual with a disability who could perform the essential functions of her job with or without a reasonable accommodation. Harper applied for a job as a paid intern with Georgia Power. Harper was qualified to perform the essential functions of the job, and Georgia Power made her an offer of employment. However, Georgia Power rescinded the offer of employment based on Harper's use of the prescribed medication to treat her brain injury.

10. Allen has an eye condition called Retinitis Pigmentosis. He is a qualified individual with a disability who could perform the essential functions of his job with or without a reasonable accommodation. Allen worked as a Senior Draftsman/Document Control Coordinator for Georgia Power. Georgia Power put him on administrative leave because it believed that his medical condition posed a

risk of harm to himself or others. Allen was cleared to return to work by his personal physician and Georgia Power's occupational therapist. Although he was qualified to perform the essential functions of his job, Georgia Power refused to allow him to return to work based on his eye condition and instead terminated his employment.

11. Butler is a qualified individual with a disability who could perform the essential functions of his job with or without a reasonable accommodation. He had two seizures while at work as an Auxiliary Equipment Operator for Georgia Power. After the second seizure, Georgia Power did not allow him to return to work under its Seizure Policy. Butler was later cleared to return to work by his neurologist and primary care physician. Although Butler was qualified to perform the essential functions of his job, Georgia Power refused to allow him to return because of his record of seizures and instead terminated his employment.

12. Georgia Power subjected other individuals with disabilities to discrimination similar to the type alleged in Paragraphs 7 through 11 by either terminating them or refusing to hire them because of their disabilities despite the fact that they were qualified individuals who could perform the job with or without a reasonable accommodation.

13. The effect of the practice(s) complained of in paragraphs 7 through 12 above has been to deprive the Charging Parties and other aggrieved individuals of equal employment opportunities and, otherwise, adversely affect their status as employees because of their disabilities.

14. The unlawful employment practices complained of in paragraphs 8 through 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 7 through 12 above were done with malice or with reckless indifference to the federally protected rights of Simmons, Harper, Allen, and Butler, and other aggrieved individuals.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from denying employees benefits on the basis of disability, and any other employment practice which discriminates on the basis of disability status.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees,

and which eradicate the effects of its past and present unlawful employment practices.

   C.   Order Defendants to make whole Simmons, Harper, Allen, and Butler, as well as others, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay, instatement, reinstatement and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

   D.   Order Defendants to make whole Simmons, Harper, Allen, and Butler, as well as others, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-12, above, in amounts to be determined at trial.

   E.   Order Defendants to make whole Simmons, Harper, Allen, and Butler, as well as others, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-12, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay to Simmons, Harper, Allen, and Butler, as well as others, punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 8-12, above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

September 27, 2013
    Date

s/Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

Ottrell F. Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818    (direct)
(404) 562-6905    (facsimile)

9