IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:13-CV-3225-AT |
| v. | : : | JURY TRIAL DEMANDED |
| GEORGIA POWER COMPANY, | : : | |
| Defendant. | : : | |
| JENNIFER T. HARPER and DALE ALLEN, | : : : | |
| Plaintiff-Intervenors, | : : | |
| v. | : : | |
| GEORGIA POWER COMPANY, | : : | |
| Defendant. | : : : | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS PROVISIONAL
MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW Plaintiff, the Equal Employment Opportunity Commission

(the "EEOC"), by and through its counsel of record, and hereby files this, its

Memorandum of Law in Support of its Provisional Motion for Leave to Amend

Complaint pursuant to Rule 15, Federal Rules of Civil Procedure, showing the Court as follows:

## I. FACTUAL BACKROUND

The EEOC filed a complaint alleging a single count of disability discrimination against a single defendant (the "Complaint"). The factual allegations in the Complaint state a claim that is plausible on its face: That Defendant Georgia Power Company ("Georgia Power") discriminated against employees and applicants on the basis of their disability. [Doc. No. 1]. Georgia Power filed a Motion to Dismiss seeking to dismiss the "class claims" in the Complaint. [Doc. No. 5]. If the Court is inclined to grant Georgia Power's Motion to Dismiss, the Court should also GRANT the EEOC's Motion for Leave to Amend Complaint (the "Motion").

### A.    The Allegations in the Original Complaint and the Motion to Dismiss.

In addition to the four individuals named in the Complaint, the EEOC also brought this lawsuit on behalf of "a class of employees and applicants ("Class Members") who applied or worked for Georgia Power . . . throughout the State of Georgia and who were adversely affected by such practices." See Complaint, preamble [Doc. No. 1]. Georgia Power's Motion to Dismiss took issue with how the EEOC pled the portion of its Complaint dealing with unidentified applicants

2

and employees who are Class Members.  The EEOC has identified some additional Class Members, and has included their names and factual allegations related to them in its Initial Disclosures, which were filed on January 21, 2014.  The EECO also included these additional names and facts as well as additional factual allegations related to the still unknown Class Members in the proposed Amended Complaint attached hereto.  See Exhibit "A".

**B.     Additional Facts that Can be Alleged in the Amended Complaint.**

If the EEOC is required to amend its Complaint, it can allege numerous additional facts, which are set out in the attached Amended Complaint.  As an initial matter, when the EEOC made a reasonable cause determination on the claims of disability discrimination asserted by the four named individuals and as to a related class, it attempted to conciliate the matter on behalf of the four charging parties, as well as two additional Class Members: Kimberly Ashley and Carl Key. In addition to the two additional Class Members that the EEOC offered to conciliate with Georgia Power, the EEOC, through its own efforts, has identified four other Class Members: Tim Millican, Joe Aycock, Mike Faughnan, and Ronnie Brewer.  In the Amended Complaint, the EEOC alleges specific facts related to these six potential Class Members, including:

(1)     Identifying the employees' and applicants' impairments that

3

substantially limit a major life activity, which means they have a disability;

(2)     Their job title if they were an employee or the position for which they applied if they were an applicant;

(3)     Where known, their work location or the location at which they applied;

(4)     In the case of some of the employees, that their personal physicians cleared them to return to work without restrictions;

(5)     The employees and applicants were qualified individuals (and why they were qualified) who could perform the essential functions of their jobs or the jobs for which they applied with or without a reasonable accommodation;

(6)     That their disabilities do not make them a direct threat to the health and safety of themselves or other employees;

(7)     That Georgia Power knew of their impairments and regarded the applicants and employees as disabled based on their impairments;

(8)     That because Georgia Power knew of their impairments and had documents related to them, the employees and applicants had a record of a disability and Georgia Power discriminated against them based on that record;

(9)    That Georgia Power did not perform an individualized assessment of the applicants' and employees' ability to perform the job or the job for which they applied, or that the purported individualized assessment was insufficient;

(10)    Whether their claim is a failure to hire claim or a discharge claim;

(11)    Where known, the approximate date on which they were discharged or not hired;

(12)    The person or persons by name or occupation who are believed to have made the decision to either not hire them, not allow them to return to work, or to terminate their employment; and

(13)    That they suffered damages as a result of Georgia Power's conduct.

See Exhibit "A", ¶¶ 15-84.  Therefore, the "class claims" related to these additional six individuals have been pled properly.

With regard to the unknown Class Members, the EEOC is still unable to identify them by name or to allege specific facts related to them because, obviously, it does not know their names.  As stated in its Response to Defendant's Motion to Dismiss, the EEOC is not required to either identify them or allege facts specific to their claims (e.g., the nature of their disability) because it is the EEOC suing Georgia Power, not the individual Class Members suing Georgia Power.

Despite the fact that the EEOC does not know the names of the additional Class Members, the composition of the Class Members is known and has been sufficiently pled in the Complaint and expanded on in the Amended Complaint in the event the Court deems it necessary.  The facts related to the unknown Class Members in the Amended Complaint include the following factual allegations:

(1)    That the employees and applicants were employed at or applied for employment at one of Georgia Power's plants in Georgia;

(2)    That the employees and applicants have impairments that substantially limit a major life activity, which means they have a disability;

(3)    That the employees' personal physicians cleared them to return to work;

(4)    The applicants' personal physicians did not restrict them from working or the restrictions did not affect their ability to perform the job for which they applied;

(5)    The employees and applicants were qualified individuals who could perform the essential functions of their jobs or the jobs for which they applied with or without a reasonable accommodation;

(6)    That their disabilities do not make them a threat to the health and safety of themselves or other employees;

(7)    Georgia Power failed to hire the applicants on or after April 10, 2010;

(8)    The employees were not allowed to return to work and/or were discharged on or after April 10, 2010;

(9)    Georgia Power's decisions to not hire the applicants were made by or based on the recommendation or advice of Georgia Power's Medical Director, Dr. Robert Harshman, or a nurse or other employee in Georgia Power's medical department or its disability services department;

(10)    Similarly, Georgia Power's decisions to not allow the unidentified employees to return to work or to terminate the employment of the unidentified employees were made by or based on the recommendation or advice of Georgia Power's Medical Director, Dr. Robert Harshman, or a nurse or other employee in Georgia Power's medical department or its disability services department;

(11)    That Georgia Power knew of the applicants' and employees' impairments and regarded the applicants and employees as disabled based on their impairments;

(12)    That because Georgia Power knew of their impairments and had documents related to them, the employees and applicants had a record of a disability and Georgia Power discriminated against them based on that

record;

(13)   That Georgia Power did not perform an individualized assessment of the applicants' and employees' ability to perform their job or the job for which they applied, or that the purported individualized assessment was insufficient; and

(14)   That they suffered damages as a result of Georgia Power's conduct.

See Exhibit "A", ¶¶ 85-109.

The EEOC will use discovery to identify the remaining Class Members and notify Georgia Power of those individuals it contends are members of the class. When it does so, Georgia Power is free to contend that the EEOC is not entitled to relief on their behalf.  It is more appropriate to use discovery as the means to determine the individuals who were not disclosed, rather than allow Georgia Power to avoid liability simply because the EEOC was not provided sufficient information during the investigation.  To allow an employer to "hide the ball" during the investigation so that the EEOC cannot identify all of the aggrieved individuals is poor public policy and contrary to the EEOC's congressional mandate to obtain relief on behalf of all of the aggrieved individuals who were subjected to discrimination.  If the Court allows this to occur, it will give employers a roadmap to defeat similar claims brought by the EEOC in the future.

In the original Complaint, the EEOC asserted a plausible claim for disability discrimination against Georgia Power.  The EEOC identified four individuals who it contends were subjected to discrimination by Georgia Power and set forth the facts related to their claims.  The EEOC also alleged the existence of a class of other aggrieved individuals who were discriminated against in the same manner. The EEOC is not required to identify the names of every individual class member at the pleading stage, and because it does not yet know the full extent of the class, it cannot name all members at this time.  It necessarily follows that because it does not yet know the names of all of the Class Members, the EEOC cannot allege the facts specific to each.  However, if the EEOC is required by this Court to provide additional factual allegations regarding the scope of the Class Members, it can do so and provide a clearer definition of the Class Members.  Therefore, the Court should grant this Motion and grant the EEOC leave to file the attached Amended Complaint.

## II. ARGUMENT AND CITATIONS OF AUTHORITY

### A.    Leave to Amend Should be Granted because the Amended Complaint Alleges A Plausible Claim for Disability Discrimination Against Georgia Power.

A party may amend its pleading with leave of the Court and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave

to amend a complaint should be denied only if there has been undue delay, bad faith, dilatory motive on the part of the plaintiff, undue prejudice or delay, or where the amendment would be futile. See Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990). "District Courts have broad discretion to grant or deny the leave to amend. In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir.1994) citing Foman v. Davis, 371 U.S. 178, 182 (1962).

There has been no undue delay because discovery has not begun. Georgia Power filed a motion to dismiss rather than filing an answer, so discovery is stayed pending the Court's ruling on the motion to dismiss. In addition, the EEOC did not wait for a ruling from the Court before filing this Motion so that if the Court is inclined to grant the Motion to Dismiss, it can quickly consider the request for leave to file an Amended Complaint rather than wait for the EEOC to file after the Court rules. This is not a case where delay is a factor in denying a motion for leave to amend because there has been no delay.

Further, the EEOC filed the Motion after the time for amending as of right, but before the deadline for amending pleadings under the proposed Joint Preliminary Planning Report and Discovery Schedule, which is February 20, 2014.

Therefore, there is no prejudice and the Motion is not a delay tactic.  See Lipscomb v. Cronic, 2011 WL 6755198, *5 (N.D. Ga. Dec. 22, 2011)(Story, J.)(motion to amend was neither prejudicial nor a delay tactic where plaintiff filed the motion three days after deadline for filing amendment without leave of court).  An absence of prejudice to the opposing party will normally warrant granting leave to amend.  See Bryant v. Dupree, 252 F.3d 1161, 1164-65 (11th Cir. 2001).

There has been no dilatory motive, undue delay, or bad faith by the EEOC in seeking leave to amend its Complaint, nor is there undue prejudice to Georgia Power.  The only reason the EEOC filed its provisional motion is because Georgia Power challenged the sufficiency of the allegations related to the unknown Class Members in the original Complaint.  The Motion is a result of Georgia Power's Motion to Dismiss, not any dilatory motive or bad faith.  Therefore, the only issue is if the EEOC is required to re-plead its allegations related to the unknown Class Members, whether such Amended Complaint would be futile.

## B.    **The Amendment of the EEOC's Complaint is Not Futile.**

"Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, ... a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1213 (11th Cir.2001) quoting Bank v. Pitt, 928 F.2d

1108, 1112 (11th Cir. 1991). "If underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on merits" and, therefore, should be permitted to amend the complaint. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

The attached proposed Amended Complaint pleads a proper claim for disability discrimination by the EEOC against Georgia Power on behalf of known and unknown members of a class, therefore, the amendment of the Complaint is not futile. Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. See Batronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 535 (S.D. Ala. 2007). A finding of futility is, in effect, a legal conclusion that the proposed amendment would necessarily fail. See St. Charles Foods, Inc., v. America's Favorite Chicken Co., 198 F.3d 815, 822-23 (11th Cir. 1999). As demonstrated in the proposed Amended Complaint, the EEOC can add additional facts to its Complaint to cure any purported failure to state a claim.

As an initial matter, the EEOC contends that the original Complaint was pled properly and should not be dismissed. The sufficiency of the EEOC's pleading is evaluated in light of the fact that the EEOC is a federal law enforcement agency that does not stand in the shoes of the individual employees on

whose behalf the EEOC has brought suit.  The EEOC has the "authority to bring suit in its own name for the purpose, among others, of securing relief for a group of aggrieved individuals."  <u>Gen. Tel. Co. of the Nw., Inc. v. EEOC</u>, 446 U.S. 318, 324, 100 S. Ct. 1698, 1703 (1980).  That is, the EEOC can file a lawsuit, as it did here, asserting a claim against Georgia Power for disability discrimination, whether there is one victim or one hundred victims.  The number of victims goes only to the amount and type of relief the EEOC can obtain for the aggrieved individuals.  The "EEOC has independent standing to sue in its own name, and its authority to seek victim-specific remedies for private individuals is not derivative of the rights of those individuals." <u>EEOC v. 5042 Holdings Ltd.</u>, 2010 WL 148085, *1 (N.D. W. Va., Jan. 11, 2010) (post-<u>Iqbal</u> decision holding the EEOC was not required to identify all sex harassment class members at the pleading stage).

The EEOC has already properly pled a claim of disability discrimination against Georgia Power as demonstrated by the four named individuals and the fact that Georgia Power does not contest the adequacy of those allegations.  Georgia Power merely contends that the EEOC must disclose the names of all of the aggrieved individuals and their basis for relief at the pleading stage.  The identity of the unknown Class Members, however, matters only when it comes to seeking relief on their behalf, not when determining whether a plausible claim exists.

Georgia Power has conceded that a plausible claim exists because it does not contest the Complaint related to the allegations on behalf of the four named individuals.  That is, if you take out the unidentified Class Member allegations, Georgia Power concedes that the EEOC has properly pled a claim for disability discrimination against Georgia Power.  Therefore, there is already a plausible claim for disability discrimination against Georgia Power based on the four named individuals.  What Georgia Power is asking is for the identity of the other individuals, which is relevant only with regard to the amount and type of relief the EEOC can obtain at trial.  Therefore, it is more properly dealt with in discovery, as other damages issues are, not at the pleading stage.

In the event, however, that the Court requires the EEOC to re-plead, it can do so and it is not futile for it to do so.  First, the EEOC has identified six additional Class Members and alleged facts showing it is entitled to relief on their behalf.  Second, the EEOC has added additional facts that further clarify the parameters of the unidentified Class Members.

### (1)    The Amendment of the EEOC's Complaint is Not Futile as to the Additional Six Class Members.

In the Amended Complaint, the EEOC has identified six additional Class Members, and alleged facts related to the EEOC's right to relief based on these individuals.  The Court should at least allow leave to amend the Complaint to

include these six individuals because the factual allegations are sufficient to survive a motion to dismiss for failure to state a claim and, therefore, are not futile. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999).

The Amended Complaint, *inter alia*, identifies: (1) the names of the six additional Class Members; (2) their impairments that constitute a disability; (3) their job title or title for which they applied; (4) why they were qualified for their jobs or the jobs for which they applied; (5) the Georgia Power plant where they worked, if known; (6) whether they were not hired or not allowed to return to work or discharged; (7) the person or persons believed to be responsible for the employment decision; and (8) the dates on which the decisions were made. See Exhibit "A", ¶¶ 15-84.  The EEOC alleges that the employment decisions made by Georgia Power regarding these six individuals caused them damages.  See Exhibit "A", ¶¶ 26, 37, 52, 64, 75, and 84.  While the EEOC is not required to plead a *prima facie* case of discrimination to properly plead a claim under the ADA, because it has alleged facts demonstrating a *prima facie* case, it has met the standard required to survive a motion to dismiss the EEOC's claim with regard to these individuals. See Jones v. Florida Power & Light Co., 2010 WL 1740713 (S. D. Fla 2010)(Court denied motion to dismiss ADA claim where plaintiff properly pled *prima facie* case).  Therefore, these allegations meet the pleading standards of

Rule 8, Federal Rules of Civil Procedure, and <u>Iqbal</u> and <u>Twombley</u>, and would not be futile.

**(2)    The Amended Complaint is Not Futile as to the Unknown Class Members.**

The EEOC has no specific information related to the unidentified Class Members because it does not know their names.   In addition, this is not a discriminatory policy case where the EEOC can allege that a specific company policy affected disabled workers.   Rather, this is a case in which the EEOC found during its investigation that Georgia Power was subjecting employees and applicants to discrimination based on their actual disability, their record of a disability, and/or regarding them as disabled.   In particular, employees in Georgia Power's disability services department and medical department, including its Medical Director, Dr. Harshman, have repeatedly made decisions or recommendations that have led to the failure to hire or the discharge of applicants and employees based on their disability.   But the Complaint and the proposed Amended Complaint still allege one claim by one plaintiff: That Georgia Power discriminated against a class of applicants and employees based on their disabilities.

The EEOC is not required to show detailed factual allegations as to each unknown Class Member.   "<u>Iqbal</u> and <u>Twombly</u> do not require plaintiffs, including

EEOC, to plead detailed factual allegations supporting the individual claims of every potential member of a class." EEOC v. United Parcel Service, Inc., 2013 WL 140604, *6 (N.D. Ill. Jan. 11, 2013)(Court held that EEOC's pleading of unknown class  members' claims were sufficient under Iqbal and Twombly). Rather, "Iqbal and Twombly require that the EEOC plead factual content that allows the Court to draw a reasonable inference that Georgia Power violated the provisions of the ADA as to all of the unidentified individuals." Id.  The Court in EEOC v. UPS, then held that whether other unidentified employees were "qualified individuals" or whether they could perform the "essential functions of their jobs" would be addressed later in the case.  Id.

"Unlike a private plaintiff, EEOC has the authority to sue on behalf of a class of known, or unknown individuals without certifying a class pursuant to Rule 23." EEOC v. Man Mar, Inc., 2009 WL 3462217, *2 (S.D. Fla. Oct. 22, 2009), citing Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 100 S. Ct. 1698 (1980).  Rather, the EEOC can do what it did here, sue on behalf of a "person or persons aggrieved" by the employer's unlawful employment practice. See 42 U.S.C. § 2000e–5(f)(1); see also 42 U.S.C. § 12117(a)(EEOC's enforcement powers under Title VII incorporated into ADA).

While the claim is for disability discrimination, the EEOC seeks relief for a

class of individuals who were aggrieved in a manner similar to Simmons, Harper, Allen, and Butler, therefore, the EEOC need not provide a more detailed description of the additional class claimants in the Complaint. See Man Mar, 2009 WL 3462217, *2 (S.D. Fla. Oct. 22, 2009)("EEOC's Complaint seeks relief for a class of individuals similarly situated to [a named individual] and EEOC need not provide a more detailed description of Claimants in its Complaint."). Once pled, the EEOC may "seek information concerning the additional claimants through discovery." Id., n. 1, quoting EEOC v. Nichols Gas & Oil, 2006 WL692345, *3 (W.D.N.Y. 2006). When the EEOC identifies additional Class Members in discovery, it will comply with the Rules and identify them to Georgia Power.

If the Court is inclined to grant Georgia Power's Motion to Dismiss, the Court should grant the EEOC leave to amend and allow it to file the proposed Amended Complaint attached hereto. Although the EEOC does not know the names of all of the Class Members at this time, it is not required to have them at the pleading stage. See EEOC v. U.S. Steel Corp., 2012 WL 3017869, *10 (W.D. Penn. July 23, 2012)("Iqbal and Twombly do not require the EEOC to name all of the potential class members in its [] Complaint.") The EEOC has, however, added additional detail to the allegations related to the Class Members to demonstrate the parameters of the additional Class Members if the Court requires it.

Specifically, in the proposed Amended Complaint, the EEOC alleges that the Class Members were employed at or applied for a position at one of Georgia Power's plants in the State of Georgia. See Exhibit "A", ¶¶ 86, 98. The EEOC alleges that each Class Member has an impairment that is a disability, that their personal physicians either did not restrict them from working or cleared them to return to work, they were qualified individuals who could perform the essential functions of their jobs or of the jobs for which they applied, and that their impairments did not make them unsafe, so they were not a threat to their own safety or the safety of others. See Exhibit "A", ¶¶ 87-89, 95, 99-101, 107.

The EEOC also includes a timeframe, employees discharged or not hired on or after April 10, 2010, which is based on the dates on which one of the four Charges filed by the four individuals named in the original Complaint. See Exhibit "A", ¶¶ 92, 104. Further, the EEOC alleges that the decisions to not hire applicants or to not allow employees to return to work or to discharge employees because of their disabilities, record of a disability, and/or because Georgia Power regarded them as disabled, was made by or based on the recommendation of its Medical Director, Dr. Robert Harshman, or a nurse or other employee in Georgia Power's medical department or disability services department. See Exhibit "A", ¶¶ 93, 105. Last, the EEOC alleges that the unknown Class Members suffered damages as a

result of Georgia Power's conduct. See Exhibit "A", ¶¶ 97, 109.

With the added allegations, Georgia Power knows the parameters of the unknown Class Members. "A complaint containing allegations and factual statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time is sufficient to survive a motion to dismiss." See E.E.O.C. v. Family Dollar, Inc., 2008 WL 687284, *2 (N.D.Ill. Mar. 12, 2008); see also Man Mar, 2009 WL 3462217, *2 (S.D.Fla. Oct. 22, 2009).

The factual allegations in the Amended Complaint regarding the unknown Class Members clearly put Georgia Power on notice of the claim of discrimination based on disability, and timeframe for inclusion as a Class Members.  What the EEOC has alleged is sufficient under Rule 8 and Iqbal and Twombley.  Therefore, if the Court is inclined to grant the motion to dismiss, it should GRANT the Motion and GRANT leave for the EEOC to amend its Complaint.

## III. CONCLUSION

For the foregoing reasons, the Court should GRANT the Motion and grant the EEOC leave to amend its Complaint.

## <u>CERTIFICATION OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel certifies that this motion was prepared using Times New Roman 14-point font.

Respectfully submitted, this 10th day of February 2014.

<u>s/Steven A. Wagner</u>
Steven A. Wagner
Georgia Bar No. 000529
EEOC - Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6897
Facsimile:  (404) 562-6905
E-mail: steven.wagner@eeoc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>GEORGIA POWER COMPANY,<br><br>        Defendant.<br>—————————————<br>JENNIFER T. HARPER and<br>DALE ALLEN,<br><br>       Plaintiff-Intervenors,<br><br>v.<br><br>GEORGIA POWER COMPANY,<br><br>        Defendant.<br>————————————— | CIVIL ACTION NO.<br>1:13-CV-3225-AT<br><br>JURY TRIAL DEMANDED |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S**

**PROVISIONAL MOTION FOR LEAVE TO AMEND COMPLAINT AND**

**MEMORANDUM OF LAW IN SUPPORT THEREOF** by filing the foregoing

with the Clerk of Court using the CM/ECF system, which will send notification of

such filing to all counsel of record:

> Evan Pontz, Esq.
> **Counsel for Defendant Georgia Power Company**
>
> John F. Beasley, Esq.
> **Counsel for Plaintiff-Intervenor Jennifer Harper**
>
> David Guldenshuh, Esq.
> **Counsel for Plaintiff-Intervenor Dale Allen**

This 10th day of February, 2014.

> s/Steven A. Wagner
> Steven A. Wagner
> Georgia Bar No. 000529
>
> EEOC - Atlanta District Office
> 100 Alabama St., SW, Suite 4R30
> Atlanta, Georgia 30303
> Telephone:  (404) 562-6897
> Facsimile:  (404) 562-6905
> E-mail: steven.wagner@eeoc.gov