IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA POWER COMPANY,<br><br>Defendant.<br>------------------------------------------------<br>JENNIFER T. HARPER, MICKEY<br>SIMMONS and DALE ALLEN,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>GEORGIA POWER COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO: 1:13-CV-03225-AT |

**GEORGIA POWER COMPANY'S RESPONSE
TO PLAINTIFF-INTERVENOR MICKEY SIMMONS'
MOTION TO "ENFORCE SETTLEMENT AGREEMENT"**

Defendant Georgia Power Company ("GPC") respectfully submits this brief

opposing Plaintiff-Intervenor Mickey Simmons' "Motion to Enforce Settlement

Agreement." (hereafter Simmons' Motion) (Dkt. No. 102).   Simmons' Motion

28078318v3

should be denied because GPC's obligation to pay Simmons is contingent on an express condition precedent that has not yet occurred.

## INTRODUCTION

Simmons' Motion requests that the Court order GPC to comply with the terms of a "Settlement Agreement agreed to by the parties on December 23, 2015." See Dkt. No. 102 at 4. Noticeably absent from Simmons' Motion is an actual "Settlement Agreement" (or any other evidence) to support the relief he seeks. In truth, the document that arose out of the December 23, 2015 mediation between Simmons, the EEOC and GPC was a term sheet, not the Settlement Agreement. Declaration of Evan H. Pontz ("Pontz Dec.", attached hereto as Exhibit 1) ¶ 2. This term sheet required, *inter alia*, that GPC provide "a draft of the Settlement Agreement" to Simmons' counsel no later than December 28, 2015. *Id.* GPC completed that requirement, sending a draft Settlement Agreement to Simmons' counsel on December 28, 2015. *Id.*

Paragraph 1(a) of the Settlement Agreement set forth the following condition precedent:

1.    Payment of the Settlement Amount.

    (a) Provided that Simmons executes this Agreement and does not revoke it (as provided in Section 9 below) ***and the EEOC and Georgia Power execute a separate settlement agreement concerning the claims for monetary damages and reinstatement on behalf of Simmons,*** then on or before January 22, 2016, ***provided that these actions have***

> ***occurred*** and Simmons has provided Georgia Power by
> January 4, 2016[1] properly completed W-9 forms for himself
> and his counsel Pearson Law Group, LLC and proof of
> Simmons' current residency, Georgia Power shall pay to
> Simmons [the settlement amount] ….

*Id.* ¶ 3 (emphasis added).  The condition precedent contained in Paragraph 1(a) –

that the EEOC and GPC execute a separate settlement agreement concerning the

claims for monetary damages and reinstatement – has not occurred.  Simmons does

not dispute this.  Instead, Simmons represents as a "Statement of Fact" that GPC

has "made no efforts" to satisfy this precondition.  Dkt. No. 102 at 2 ¶ 5.

Simmons' assertion is simply untrue.  For these reasons, and the reasons more fully

discussed below, Simmons' Motion should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

Georgia law provides that a settlement agreement must meet the same

requisites of formation and enforceability as any other contract.  See Blum v.

Morgan Guaranty Trust Co., 709 F.2d 1463, 1467 (11th Cir. 1983) (applying

Georgia law).[2]  When, as here, a contract contains a condition precedent, Georgia

law requires that the "condition precedent must be performed before the contract

becomes absolute and obligatory upon the other party."  See O.C.G.A. § 13-3-4.

---

[1] Plaintiff correctly admits in his Motion that he failed to meet this additional pre-
condition of providing the completed W-9s and his proof of residency by January
4, 2016 as required, though he did provide that information after that date.  See
Dkt. No. 102 at 3, ¶ 3.

[2] GPC agrees with Simmons that Georgia law governs this dispute.

Hence, until there has been compliance with a "condition precedent the contract is not enforceable." Hunt v. Thomas, 296 Ga. App. 505, 509 (2009).

Simmons, as the party seeking to enforce the Settlement Agreement, bears the burden of establishing that all conditions precedent have been performed. See Tuzman v. Leventhal, 174 Ga. App. 297, 300 (1985). Simmons cannot meet that burden. The Settlement Agreement conditioned payment of the settlement amount upon the execution of a separate settlement agreement between the EEOC and GPC.[3] While the EEOC and Georgia Power continue to work hard to reach and execute such an agreement, as of the filing of this Response that has not yet occurred. GPC is still confident and hopeful that it will occur soon. Pontz Dec. ¶ 4. Once it has occurred, and thus once that pre-condition of Paragraph 1(a) of the Settlement Agreement has been satisfied, GPC will complete the Settlement Agreement and comply with its obligations to make payments to Simmons. To

---

[3] It is worth noting that Simmons signed the Settlement Agreement without making any changes or modifications and without raising concerns about any of its language, requirements or the express pre-conditions to settlement set forth above. Thus Simmons, with the full guidance of counsel, accepted that the settlement would be completed and payment made to him *only* once the condition precedent of the signing of a separate settlement agreement between the EEOC and Georgia Power had been accomplished. At the time, Simmons' counsel was fully aware that there were on-going negotiations and efforts between the EEOC and GPC to reach a settlement agreement as to others that would also be applicable to him, and that those efforts had run into some difficulties which the EEOC and GPC were hoping to resolve, but at that point had not resolved. Yet, Simmons agreed to the condition precedent in the Settlement Agreement that a settlement between EEOC and GPC *must occur first*, *before* the payment of any settlement amount.

28078318v3

date, however, this condition has not yet been satisfied.  Thus, GPC's obligation to pay Simmons has not matured.  See O.C.G.A. § 13-3-4.

Significantly, Simmons' Motion admits that the execution of a settlement agreement between the EEOC and GPC is a condition precedent to GPC's obligation to pay him.  Indeed, Simmons repeatedly calls this term from Paragraph (1)(a) a "pre-condition" in his own Motion.  See Dkt. No. 102 at 3, ¶¶ 4, 5, 6. Nonetheless, Simmons' Motion (without any legal authority) suggests that the Court should ignore this express written condition precedent requiring a settlement agreement first be executed between the EEOC and GPC because Simmons claims that GPC "has made no efforts to satisfy the pre-condition."  Id. at pages 2-3.

However, Simmons offers no evidence whatsoever to support this assertion – and it is simply untrue.[4]  GPC and the EEOC have been in negotiations regarding a settlement agreement, have exchanged versions of agreements and continue negotiations in an effort to find an acceptable compromise on disputed issues between the EEOC and GPC.  Pontz Dec. ¶ 4.  In fact, the Court was specifically made aware of this, most recently in the parties' February 11, 2016 conference call with the Court, *in which Simmons' counsel also participated*.  See Dkt. No. 99;

---

[4] Even if Simmons had evidence that the non-occurrence of the condition precedent was GPC's fault, this would be an issue for the trier of fact, not for decision on a Motion such as this.  See Hammond v. Bank of Newnan, 217 Ga. App. 49, 50 (1995) (conflicting evidence regarding who was at fault for non-performance of condition precedent presented issue of fact for the jury).

28078318v3

Pontz Dec. ¶ 4.   Simmons' baseless assertion that GPC has made "no efforts to satisfy the pre-condition" is a desperate attempt to eliminate the condition precedent in the Settlement Agreement to which Simmons agreed.

While Simmons cites case law regarding the enforcement of settlements and Georgia contract law generally, none of that case law is analogous to the case *sub judice*.    More precisely, Simmons has offered the Court no authority for the proposition that the Court is authorized to ignore the non-occurrence of a condition precedent that both parties agree *has undisputedly not been met*.   See Piggly Wiggly Southern, Inc. v. Heard, 261 Ga. 503, 504 (1991) (courts are not authorized to rewrite contracts).   It is beyond cavil that the Settlement Agreement contained an express condition precedent – "the EEOC and Georgia Power [must first] execute a separate settlement agreement concerning the claims for monetary damages and reinstatement on behalf of Simmons.…"  See Dkt. No. 102 at 3, ¶ 4. It is equally uncontroverted that no such agreement has been executed (though the EEOC and GPC continue to work toward this goal).   As a matter of fact and law, until such condition precedent is met, the obligation Simmons is seeking to force GPC to perform – and to have this Court order it to perform – are not due or required.  See O.C.G.A. § 13-3-4.

GPC remains hopeful that it will reach a settlement agreement with the EEOC soon, and upon execution of it, GPC will comply with the applicable terms

6

28078318v3

of the Settlement Agreement signed by Simmons.  But, unless and until that pre-condition is met, GPC is under no obligation to do so and Simmons' Motion for an order of this Court to require GPC to do so would be contrary to well-established Georgia law.  See O.C.G.A. § 13-3-4;  Parsons v. Orthalliance, Inc., 130 F. App'x 353, 356 (11th Cir. 2005) (applying Georgia law and finding that execution of future settlement agreement was condition precedent);  Roush v. Dan Vaden Chevrolet, Inc., 155 Ga. App. 372, 373 (1980) ("In the case of a condition precedent, the condition must be performed before the contract becomes absolute and obligatory upon the other party.");  Parker v. Averett, 114 Ga. App. 401, 402 (1966) (contract conditioned on ability to obtain financing not enforceable until compliance with condition precedent).

## CONCLUSION

For the foregoing reasons, GPC respectfully requests that Simmons' Motion be denied.

28078318v3

Respectfully submitted, this 10th day of March, 2016.

/s/ Evan H. Pontz
Evan H. Pontz
Georgia Bar No. 583577
Ashley Z. Hager
Georgia Bar No.  784505
James M. McCabe
Georgia Bar No. 724618

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, Georgia 30308-2216
Phone:    (404) 885-3000
Fax:        (404) 962-6656

Attorneys for Defendant
Georgia Power Company

8

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to LR 7.1D, I hereby certify that the foregoing document was prepared with one of the font (Times New Roman) and point selections (14 point) approved by the Court in LR 5.1B.

/s/ Evan H. Pontz
Evan H. Pontz
Troutman Sanders LLP

Counsel for Defendant
Georgia Power Company

28078318v3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO: 1:13-CV-03225-AT |
| GEORGIA POWER COMPANY, | ) ) | |
| Defendant. | ) ) | |
| ------------------------------------------------- | ) | |
| JENNIFER T. HARPER, MICKEY SIMMONS and DALE ALLEN, | ) ) ) | |
| Plaintiff-Intervenors, | ) ) | |
| v. | ) ) | |
| GEORGIA POWER COMPANY, | ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of March, 2016, I have electronically

filed the foregoing *RESPONSE TO PLAINTIFF-INTERVENOR MICKEY*

*SIMMONS MOTION TO "ENFORCE SETTLEMENT AGREEMENT"* with the

28078318v3

Clerk of Court using the CM/ECF system, which will send notification of such

filing to ALL counsel of record.

/s/ Evan H. Pontz
Counsel for Defendant
Georgia Power Company

28078318v3